UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.126.202.136,<br><br>    Defendant. | Case No. 21-cv-06214-WHO<br><br>**ORDER ON EX PARTE APPLICATION FOR EARLY SUBPOENA**<br><br>Re: Dkt. No. 7 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") specializes in adult media entertainment and distributes its works on DVDs and adult websites. Complaint ("Compl.") [Dkt. No. 1] ¶¶ 2–3. Strike 3 alleges that it is the owner of copyrighted works that have been illegally downloaded and distributed online. Although Strike 3 has determined the IP address allegedly used to conduct this activity, it has been unable to identify the actor through its own efforts. Strike 3 now applies ex parte for leave to serve a Rule 45 subpoena on Comcast Cable Company, LLC ("Comcast Cable"), the Doe defendant's internet service provider ("ISP"), to receive only the name and address associated with the known IP address allegedly infringing its copyright. Ex-Parte Application for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference [Dkt. No. 7].

The standards for granting leave for these motions have become well-established in this District and others. *See* Fed. R. Civ. P. 45; *see, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 17-CV-07051-LB, 2018 WL 357287, at *2–3 (N.D. Cal. Jan. 10, 2018) (collecting authorities and standards). I find that, based on Strike 3's sworn submissions, there is good cause to permit the narrow subpoena to issue. Strike 3 has made a sufficient preliminary showing that it is the copyright holder of the works in question, the works are being infringed by the Doe defendant, this court has personal jurisdiction over the defendant based on geolocation of the IP address, a

subpoena for this information is reasonably likely to reveal identifying information that will facilitate service of process, there is no other reasonably available option to obtain the defendant's identity, and there is a sufficient likelihood that the sought information will be deleted absent preservation by subpoena. *See* Ex. A, Declaration of David Williamson [Dkt. No. 7-1] ¶¶ 40–81 (describing proprietary forensic software, VXN Scan ("VXN"), which Strike 3 both owns and uses to identify the IP addresses used by individuals infringing Strike 3's movies via the BitTorrent protocol); Ex. B, Declaration of Patrick Paige [Dkt. No. 7-1] ¶ 18, 28 (reviewing the Packet Capture ("PCAP") recorded from the VXN to "confirm that the PCAP is evidence of a recorded transaction with IP address 76.126.202.136 initiated at 07/03/2021 03:21:13 UTC" and testifying that "Defendant's ISP Comcast Cable is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 76.126.202.136 during the time of the alleged infringement"); Ex. C, Declaration of Susan B. Stalzer [Dkt. No. 7-1] ¶¶ 10–12 (testifying that each digital media file obtained from the VXN is a copy of one of Strike 3's motion pictures that is "identical, strikingly similar, or substantially similar to the original work identified by [Strike 3's] United States Copyright Office identification numbers on Exhibit A to the Complaint"); Ex. D, Declaration of Emilie Kennedy [Dkt. No. 7-1] ¶¶ 4–7, Ex. 1 (attaching results showing geolocation of IP address 76.126.202.136 as Daly City, California).

Leave is granted for an early subpoena under Rule 45 according to the terms set out below, which vary from Strike 3's proposed terms to better protect the Doe defendant's rights and privacy. I also issue the protective order that follows. *See* Fed. R. Civ. P. 26(c).

It is **ORDERED** that:

1. Strike 3 may immediately serve a Rule 45 subpoena on the Doe defendant's ISP, Comcast Cable, to obtain **only** the defendant's true name and address associated with the IP address identified in the application.

2. A copy of this Order shall be attached to the subpoena.

3. The ISP shall have 15 days from the date it is served to serve (by any reasonable means) the defendant with a copy of a subpoena and a copy of this Order.

4. The defendant shall have 30 days from the day he or she is served by the ISP to

contest the subpoena in this court (by a motion to quash or modify, as appropriate). The defendant may move to proceed pseudonymously according to the same standard as any party may. *See, e.g.*, *Pac. Century Int'l Ltd. v. Does*, No. C-11-02533 DMR, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011).

5. If the defendant does not contest the subpoena in this court within the stated time period, the ISP shall produce the responsive information in compliance with the subpoena to Strike 3 within 10 days of the end of the defendant's time to move the Court. If the defendant does contest the subpoena, the ISP shall preserve the information without producing it until I rule.

6. The ISP shall preserve the information identified in the subpoena until it produces it or until I rule on a motion contesting the subpoena.

The following **PROTECTIVE ORDER** shall apply to the information subpoenaed. Strike 3 shall use the information subpoenaed solely for purposes of prosecuting this action and protecting the alleged rights identified in its complaint. Strike 3 shall not disclose the name or address of the defendant to any third party without leave of court. If Strike 3 files any document in this action that includes the information subpoenaed or otherwise identifies the defendant, all identifying information shall be redacted in a public version of the document and filed unredacted under seal pursuant to the Local Rules. No administrative motion to seal this information need be filed until I rule on whether the defendant's identity can remain confidential. Once the defendant is identified, he or she may move for any appropriate protective order or the parties may file a stipulated request for a protective order. The defendant may move to proceed pseudonymously as any party can. This protective order shall remain in place until dissolved by the court.

**IT IS SO ORDERED.**

Dated: August 30, 2021



William H. Orrick
United States District Judge